Case 4:19-cv-04400   Document 62   Filed on 01/25/21 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
January 25, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES C MARRONE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-4400 |
| | § | |
| TEXAS MUNICIPAL POWER AGENCY, | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPNION AND ORDER

Pending before the Court is Defendant Express Employment Professions' ("Express") Motion to Dismiss for Failure to State a Claim. (Dkt. 50) After carefully considering the motion, all relevant filings, and the applicable law, the Court **GRANTS** the motion.

### I.   Factual and Procedural Background

On November 8, 2019 Plaintiff James C. Marrone ("Marrone") initially filed his complaint pro se against Texas Municipal Power Agency, Susie Johnson, and Express alleging that Defendants discriminated and retaliated against him by terminating his employment in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–34 ("ADEA"). However, Marrone did not allege any facts establishing that he ever filed an administrative charge of discrimination or retaliation against Express with the Equal Employment Opportunity Commission ("EEOC") prior to filing the complaint. (Dkt. 1) After the first two defendants were dismissed from this case, Express moved to dismiss this action on the grounds that Marrone had failed to exhaust his

administrative remedies prior to filing this action against Express. (Dkt. 33) Before the motion was filed, the Court held a pre-motion conference to ensure that Marrone understood the basis for the motion. (Dkt. 32)

In response to the motion, Marrone filed a motion to amend his original complaint. (Dkt. 35)  On June 17, 2020, the Court held another pre-motion conference to discuss with Marrone, among other things, the deficiencies alleged by Express in his complaint. The Court granted Marrone's motion to amend his complaint. The Court gave Marrone fourteen days, until July 1, 2020, to file an amended complaint. On July 1, 2020 Marrone did not file an amended complaint but instead filed a "Superceded Motion to Amend Original Complaint." (Dkt. 41) In this motion, Marrone admits that he never filed an administrative charge against Express. Marrone also recites the statutory language of 42 U.S.C. § 1981 and states that he now wants to amend his complaint to assert his termination and retaliation claims against Express under this statute, asserting:

> "Section 1981 does not require an individual to exhaust administrative remedies by filing a charge before any governmental agency and waiting for that charge to be adjudicated or released before proceeding to court. Section 1981 also prohibits retaliation." (Dkt. 41)

The Court granted this motion to amend as well and Marrone filed his amended complaint. (Dkts. 47 & 48). In the amended complaint, Marrone reasserts his claim for termination and retaliation against Express, this time pursuant to 42 USC § 1981. Specifically, Marrone asserts that while his "Complaint for Employment Discrimination originated under [the ADEA] . . . [the] Amended Complaint is filed under 42 USC § 1981." (Dkt. 48 at p. 1) Marrone further asserts that "[o]n its face section 1981 protects

racial minorities from discrimination, including employment discrimination and discrimination in the workplace." (Dkt. 48 at p. 3)

Express has again filed a motion to dismiss this action. Express argues that, even taking into consideration Marrone's pro se status, after several attempts to amend his pleadings and this case being on file for over fourteen months Marrone still has not plead any facts that would entitle him to judgment. On January 21, 2021, the Court held a hearing to explain to Marrone why it could not appoint counsel for him and to verify that the Court understood Marrone's factual and legal assertions. For the reasons stated below the Court agrees with Express that this action should be dismissed.

## II. Standard of Review

### A. Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings. A complaint can be dismissed under Rule 12(b)(6) if its well-pleaded factual allegations, when taken as true and viewed in the light most favorable to the plaintiff, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011).

Courts construe pleadings filed by pro se litigants under a less stringent standard of review. *See Haines v. Kerner,* 404 U.S. 519 (1972). Under this standard "[a] document filed pro se is to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). A complaint that offers only labels and conclusions or a formulaic recitation of the elements of a cause of action is insufficient. *Id.* Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 55 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 55 U.S. at 678.

Before a court dismisses a pro se complaint under Rule 12(b)(6), the plaintiff should generally be given an opportunity to amend. *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998). The court, however, need not provide an opportunity to amend when the plaintiff has been previously given the opportunity to allege his "best case." *Id.* at n.7.

### III. Analysis

#### A. Section 1981

Marrone's Amended Complaint does not state a facially plausible claim for relief against Express under Section 1981. "To establish a claim under § 1981, a plaintiff must

allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of activities enumerated in the statute." *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994). Section 1981 also encompasses retaliation claims against employees who have complained about racial discrimination. *See CBOCS West, Inc. v. Humphries*, 553 U.S. 442 (2008).

As the basis of this claim, under the heading "CHARGE AGAINST DEFENDANT EXPRESS" in the Amended Complaint, Marrone asserts that "Express acted in bad faith by dissembling in act of Termination . . . [and the] EXPRESS reason for dissembling would be to allow EEOC final claim date to expire before Marrone could become aware of his termination, so as to avoid liability under 29 USC §§ 621 to 634."[1] (Dkt. 48 at p.2) However, beyond these vague, speculative, and conclusory allegations, Marrone provides no facts from which the Court can glean any plausible claim under Section 1981. For example, while Marrone asserts that he is a "2nd generation American born of Italian descent," Marrone fails to assert that any adverse employment actions were taken against him based on his race. (Dkt. 48 at p. 3) Marrone also fails to assert that Express intended to discriminate him against him based on his race or because he had previously complained about racial discrimination *See Green*, 27 F.3d at 1086; *CBOCS West, Inc*, 553 U.S. 442. Finally, Marrone fails to allege that any discrimination concerned one or more of the activities enumerated in the statute. *See Green*, 27 F.3d at

---

[1] The complaint defines "dissemble" as acting "to disguise or conceal behind a false appearance or semblance." (Dkt. 48 at p. 2)

1086. Accordingly, Marrone has failed to plead sufficient facts to state any plausible claim for relief against Express under 42 U.S.C. § 1981 and Express is entitled to dismissal of this claim.

B. **ADEA**

Assuming that Marrone was still attempting to make a claim under the ADEA, the Amended Complaint nevertheless fails to state a facially plausible claim for relief against Express. The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to [his] compensation, terms, conditions, or privileges of employment, because of such individual's age." It also makes it unlawful for an employer to discriminate against an employee "because such individual . . . has opposed any practice made unlawful" by the ADEA. 29 U.S.C. § 623(a)(1), (d). A prerequisite to a claim under the ADEA is the filing of an administrative charge with the EEOC. 29 U.S.C. § 626(d); *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir. 1992). The charge must be filed within 300 days of the alleged unlawful act. *Martin v. Lennox Int'l Inc.*, 342 Fed. App'x 15, 18 (5th Cir. 2009) (per curiam); *Conaway*, 955 F.2d at 362. If the EEOC determines that there is no reasonable cause to believe that an unlawful employment practice has occurred, the EEOC issues a right-to-sue letter informing the party that it has a right to sue in federal court within ninety days of the receipt of the letter. *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 411 (5th Cir. 2003) (citing 29 C.F.R. § 1601.19(a)). The 300-day limitations period is not a jurisdictional requirement, but rather, a precondition to suit that is subject to equitable tolling. *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir.

2010) (citations omitted); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).

Although dismissal is ordinarily determined by whether the facts alleged in a complaint assert a plausible claim for relief, a claim may also be dismissed under Rule 12(b)(6) if a successful affirmative defense—such as exhaustion of remedies—appears "clearly on the face of the pleadings." *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Here, Express asserts as an affirmative defense to this action that Marrone has failed to plead that he exhausted his administrative remedies against Express prior to filing this action and he now is barred from proceeding with this action because the deadline for filing a charge against Express with the EEOC has long since expired. (Dkts. 21 & 33). Marrone admits that he never filed an administrative charge against Express and that the deadline for this filing has long since passed. Accordingly, Express would be entitled to dismissal of this claim as well.

Assuming that Marrone had timely filed an administrative charge against Express, the complaint still fails to state a claim for retaliation under the ADEA. The elements of a retaliation claim under the ADEA are: (1) the plaintiff engaged in a protected activity; (2) the plaintiff suffered an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *See Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 259 (5th Cir. 2001); *see also Richards v. JRK Prop. Holdings*, 405 F. App'x 829, 831 (5th Cir. 2010) (stating these as the elements the plaintiff must allege facts to show at the 12(b)(6) stage). To establish causation, the

third element of a retaliation claim, a plaintiff must ultimately demonstrate but-for causation. *See Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998); *Pena v. Houston Cmty. College*, 2019 U.S. Dist. LEXIS 23260, at *10, 2019 WL 587693 (S.D. Tex. Feb. 13, 2019).

Here, Marrone makes no factual allegations of unlawful retaliation by Express. Marrone only alleges that Express terminated him; that the termination occurred between February 8, 2019, and August 20, 2019 and that "Express acted in bad faith by dissembling in act of Termination . . . so as to avoid liability" under the ADEA. (Dkt. 48 at p. 2). Marrone does not provide a single allegation regarding an alleged protected activity that he engaged in or establishing a causal link between such activity and his termination. Accordingly, for these additional reasons Express is entitled to dismissal of this action against it.

## IV. Conclusion

Marrone has already been given the opportunity to amend complaint in response to Express's anticipated motion to dismiss and has failed to correct the deficiencies in his pleadings. The Court has also given Marrone the benefit of every good faith argument that can be made on his behalf in light of the allegations contained in the Amended Complaint. Accordingly, the Court finds that any additional amendments to Marrone's complaint would be futile and he has made his best case for establishing liability against Express in this case. For the foregoing reasons, the Court **GRANTS** Express's motion and all claims against Express are **DISMISSED**. All other pending motions are **DENIED AS MOOT**.

SIGNED at Houston, Texas, this 25th day of January, 2021.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE